UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

Case # 23-CV-6353-FPG

v.

DECISION AND ORDER

$267,808.00 UNITED STATES CURRENCY,
ONE 10K ROSE GOLD DIAMOND CHAIN WITH SPADE DESIGN ON CLASP, AND ONE 18K ROSE GOLD ROLEX OYSTER PERPETUAL WATCH,

Defendants.

## INTRODUCTION

Plaintiff, the United States of America, brought this *in rem* action for forfeiture of $267,808.00 in United States Currency, one 10k rose gold diamond chain with spade design on clasp, and one 18k rose gold Rolex oyster perpetual watch (collectively "Defendant Property") seized from Aubrey Bailey' residence. ECF No. 1. Now before the court is the Government's motion pursuant to Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule") G(8)(c) to strike the late claim, ECF No. 7, and answer, ECF No. 8, filed by Bailey. ECF No. 27. The Government's motion to strike is DENIED WITHOUT PREJUDICE.

## BACKGROUND

The Government alleges that, on January 4, 2023, the Defendant Property was seized from Bailey's residence. ECF No. 1 ¶¶ 9, 11. The Government alleges that the Defendant Property is subject to forfeiture because it was furnished or intended to be furnished in the furtherance of controlled substances distribution, and/or constitute proceeds traceable to controlled substances distribution and are subject to forfeiture. *Id.* ¶ 21. The Government initiated administrative forfeiture proceedings against the Defendant Property, which was halted on or about March 29, 2023, when Bailey filed an administrative claim. *Id.* ¶ 19.

On June 26, 2023, the Government initiated this action by filing a verified complaint. ECF No. 1. On June 27, 2023, the Clerk of Court issued an arrest warrant *in rem* for the Defendant Property. ECF No. 3. On August 2, 2023, the Government sent copies of the direct notice of forfeiture action ("Notice"), the verified complaint, the arrest warrant *in rem*, and a cover letter to Bailey, through his attorney. ECF No. 27-4 at 2–16. The Notice specified that:

> Any claim to the defendant property must be filed with [this Court] . . . by **September 6, 2023** in accordance with Supp Rule G(5). An answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (**21**) days after filing the claim. . . .

*Id.* at 4 (emphasis in original).

On September 13, 2023, Bailey filed a verified statement of interest and a verified answer, claiming that he was the lawful possessor and owner of the Defendant Property. ECF Nos. 7, 8.

On February 3, 2025, the Government sent Bailey and his counsel special interrogatories pursuant to Supplemental Rule G(6). ECF No. 27-5 at 3–10. Despite multiple extensions and an amended scheduling order that set the deadline to respond for February 23, 2026, Bailey still has not responded to the special interrogatories. *See* ECF No. 25 at 1. On April 7, 2026, the Government moved to strike Bailey's claim and answer. ECF No. 27.

**LEGAL STANDARD**

Supplemental Rule G(8)(c) provides that the Government may, at any time before trial, move to strike a claim or answer "for failing to comply with Rule G(5) or (6), or . . . because the claimant lacks standing." "Strict compliance with the rules is generally required." *United States v. $5,227.00 U.S. Currency*, No. 12-CV-6528, 2013 WL 2450733, at *1 (W.D.N.Y. June 5, 2013). If a claimant fails to comply with the strictures of the Supplemental Rules, "his claim may be stricken for lack of statutory standing." *Id.* (citation omitted). The Court, however, retains discretion to waive strict compliance with these rules and procedural practices, which "should be applied liberally." *United States v. One Urb. Lot Located at 1 St. A-1, Valparaiso, Bayamon, Puerto Rico*, 885 F.2d 994, 1001

(1st Cir. 1989); *see United States v. $417,143.48 in U.S. Currency*, 682 F. App'x 17, 19–20 (2d Cir. 2017) (summary order) ("[A] court has discretion in appropriate circumstances to depart from the strict compliance standard embodied by Supplemental Rule G(5)" (internal quotation marks and citation omitted)).

**DISCUSSION**

The Government moves to strike Bailey's claim and answer for two reasons: (1) untimely filing of his claim; and (2) failure to respond to the special interrogatories.[1] ECF No. 27-1 at 16–18. The Court will discuss each argument in turn.

**I. Untimely Filing of the Claim**

The Government argues that Bailey lacks statutory standing because he did not file his claim by the stated deadline. *Id.* at 16–17. Under Supplemental Rule G(5)(a)(i), a "person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." Unless the Court sets a different time for good cause, this claim must be filed "by the time stated in a direct notice sent under Rule G(4)(b)." Supplemental Rule G(5)(a)(ii)(A). The claimant must also file an answer to the complaint "within 21 days after filing the claim." Supplemental Rule G(5)(b). The primary goals underlying the timeliness and verification rules of these forfeiture actions "are to force claimants to come forward as soon as possible after forfeiture proceedings have begun and to prevent false claims." *One Urb. Lot Located at 1 St. A-1*, 885 F.2d at 1001; *see also United States v. $487,825.00 in U.S. Currency*, 484 F.3d 662, 664–65 (3d Cir. 2007) (noting that the requirement that a claimant file a timely verified claim serves to force claimants to come forward as quickly as possible, and to minimize the danger of false claims).

It is true that Bailey did not strictly comply with the rules as it is "generally required" considering that he filed his claim one week after the deadline set in the Notice. *$5,227.00 U.S.*

[1] In response, Bailey merely re-filed his answer, which did not address any of the arguments contained in the Government's motion to strike. ECF No. 30.

*Currency*, 2013 WL 2450733, at *1. However, "technical noncompliance with the procedural rules . . . will be excused where there is a sufficient showing of interest in the property." *United States v. One 1987 Jeep Wrangler*, 972 F.2d 472, 481 (2d Cir. 1992). In this case, Bailey sufficiently showed interest in the Defendant Property by submitting the verified claim that states that he is the lawful owner of the Defendant Property. ECF No. 7. Although this claim was filed 7 days after the deadline, Bailey filed his answer on the same day, which falls within the time period as set out under Supplemental Rule G(5)(b). Moreover, allowing Bailey's claim to proceed would not traverse the primary goals of the timeliness and verification rules. *See One Urb. Lot Located at 1 St. A-1*, 885 F.2d at 1001.

Considering these factors in addition to the judiciary's longstanding preference for resolving controversies on the merits, *see Gesualdi v. Quadrozzi Equip. Leasing Corp.*, 629 F. App'x 111, 113 (2d Cir. 2015) (summary order) ("We have a strong preference for resolving disputes on the merits." (internal quotation marks and citation omitted)), the Court finds that a sufficient basis exists for deeming Bailey's claim timely *nunc pro tunc*. *See United States v. Fifty-Five Boxes of Tide Downy Powder Detergent Seized From Excel Wholesale Distributors on or About Aug. 6, 2014, & All Proceeds Traceable Thereto*, No. 15-CV-2678, 2015 WL 9581876, at *6 (E.D.N.Y. Dec. 30, 2015) (holding that a five-day delay in filing a claim "should not operate to divest [claimants] of substantive rights in the subject property" in light of the claimants' consistent assertion of ownership and the judiciary's preference for resolving disputes on the merits).

## II. Failure to Respond to Special Interrogatories

The Government also argues that Bailey's claim and answer must be stricken because he failed to respond to the special interrogatories that were issued pursuant to Supplemental Rule G(6). ECF No. 27-1 at 17–18. Supplemental Rule G(6) states that the government "may serve special interrogatories limited to the claimant's identity and relationship to the defendant property," to which the claimant must file answer or objections within 21 days after the interrogatories are served.

The Government sent special interrogatories to Bailey on February 3, 2025. ECF No. 27-5 at 3–10. Despite multiple extensions of the deadline to respond and the Court's amended scheduling order, Bailey has yet to respond to these special interrogatories. However, "[n]ot every failure to respond to subdivision (6) [of Supplemental Rule G] interrogatories warrants an order striking the claim." Supplemental Rule G(8) advisory committee's note; *see also United States v. Real Prop. Located at 17 Coon Creek Rd., Hawkins Bar California, Trinity Cnty.*, 787 F.3d 968, 977 (9th Cir. 2015) ("[W]here a claimant's Article III and statutory standing are not reasonably in dispute, his failure to respond to Rule G(6) special interrogatories does not, in itself, warrant striking his claim."). Here, Bailey showed interest in pursuing his ownership of the Defendant Property by continuously requesting extensions to respond to the special interrogatories. The Government acknowledged that during these proceedings, Bailey retained new counsel who attempted to ascertain further information about the seizure of additional property while Bailey was federally detained. ECF No. 27-1 at 6–7, 9; ECF No. 27-13 at 4. Moreover, the Government has not argued that it was prejudiced by Bailey's failure to respond to the special interrogatories.

Considering these factors, the Court does not agree that Bailey's claim and answer should be stricken due to his failure to respond to the special interrogatories that were issued under Supplemental Rule G(6). *See United States v. Two Hundred Seventy-Two Thousand Dollars & No Cents ($272,000)*, No. 16-CV-06564, 2018 WL 948752, at *3 n.4 (E.D.N.Y. Feb. 16, 2018) (denying motion to strike claim and answer because of an alleged failure to respond to Rule G(6) interrogatories); *see also Riggs v. City of Syracuse*, No. 25-CV-515, 2026 WL 1704958, at *2 (N.D.N.Y. June 12, 2026) ("A district court has broad discretion in deciding whether good cause exists to amend the scheduling order." (quotation marks and citation omitted)); *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 176 (S.D.N.Y. 2014) (by "requiring the district court to consider and balance factors other than a plaintiff's diligence," the Second Circuit "left open the possibility" to amend scheduling orders "even where a plaintiff has not been diligent" (citation omitted)).

Nevertheless, the Court is mindful of the history of this case and Bailey's failure to diligently pursue his claims over the Defendant Property. Therefore, the Court will allow Bailey one final opportunity to respond to the Government's special interrogatories. In the event Bailey does not timely respond to the special interrogatories by the deadline set in the amended scheduling order, the Government is free to renew its motion.

**CONCLUSION**

For the foregoing reasons, the Government's motion to strike Bailey's verified claim and answer, ECF No. 27, is DENIED WITHOUT PREJUDICE. This matter is referred back to Judge Holland for the continuation of discovery.

IT IS SO ORDERED.

Dated: November 6, 2026
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York